UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) ) ) 2:21-CR-120 ) |
| vs. | ) ) |
| EDGAR C. LOPEZ, | ) ) |
| Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Suppress Cell Phone Data [Doc. 171], by which he seeks the suppression of all cell phone data obtained by the United States which involves his telephone number, regardless of whether the data was seized directly using his telephone number or indirectly using the telephone numbers of Ismael Huyoa, Jr., one of his co-defendants ("co-defendant). The cell phone numbers at issue are as follows: (865) 309-7702, (865) 321-0521, and (423) 946-2588. [Doc. 171, p.1]. The United States filed a Response in Opposition to Defendant's Motion [Doc. 182]. The Court conducted an evidentiary hearing on the motions on October 4, 2022. Defendant Edgar Carrion Lopez and his counsel, Christopher D. Rogers, Esq., along with Assistant United States Attorney Meghan L. Gomez, Esq., were present for the hearing.

This matter is before the Court pursuant to 28 U.S.C. § 636(b) and the standing orders of the District Court for a Report and Recommendation. For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion to Suppress [Doc. 171] be **DENIED**.

I.   BACKGROUND

On October 26, 2021, a federal grand jury returned an Indictment [Doc. 27] against Defendant charging him with one (1) count of distribution of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). Thereafter, on August 17, 2022, Defendant filed the instant Motion [Doc. 171], arguing that the search warrants issued by a Tennessee state court judge for the cellular site location information ("CSLI") of his co-defendant's cell phone number (865) 321-0531 were not supported by probable cause and that the trap and trace/pen register included in each were improperly issued as well. [Doc. 171, p. 1-2, 4]. Defendant claims that both were issued in violation of federal and Tennessee state law as well as state criminal procedure. During the hearing on this matter, defense counsel further argued that the search warrants and trap and trace/pen registers issued by the state court then led to the discovery of information regarding telephone numbers (865) 309-7702 and (423) 946-2588, although those arguments are not contained in Defendant's motion or memorandum filed in support. Defendant appears to assert that if the Court finds the state court warrants and trap and trace/pen register orders were improvidently granted then the information obtained from the trap and trace/pen registers later issued by this Court for telephone numbers (865) 309-7702 and (423) 946-2588[1] must be suppressed because those numbers were obtained as fruit of the poisonous tree.

In response, the United States argues that Defendant lacks standing to seek suppression of any evidence obtained from the two cell phone numbers listed above which have an (865) area code because they belong not to him but to his co-defendant [Doc. 182, p. 1].  As such, the

---

[1] The Orders issued by this Court for the pen register and trap and trace devices for these two telephone numbers bear docket numbers 2:21-MJ-152 and 2:21-MJ-167.

Government contends that Defendant has no reasonable expectation of privacy in the information obtained via the co-defendant's telephone numbers. The United States goes on to assert that even if Defendant had standing, his motion should be denied because the relevant state court warrants were supported by probable cause and were executed in accordance with federal and state law and state criminal procedure. [Doc. 182, p. 3-5]. The United States does concede that Defendant has standing to challenge the validity of the order entered permitting the installation of a trap and trace device/pen register on Defendant's cellphone, i.e., telephone number (423) 946-2588, but goes on to state that because no location data was obtained, nor any communications seized, there is nothing for Defendant to request be suppressed. [Doc. 182, p. 1-2]. The United States further argues that the trap and trace device/pen register orders and related search warrants for all three phone numbers were properly obtained. *Id.* at p. 3-5.

## II. FINDINGS OF FACT

On April 28, 2021, Special Agent Thomas Garrison of the Tennessee Bureau of Investigation applied for a search warrant for prospective location data and permission to install and use a pen register/trap and trace for cellphone number (865) 321-0531, which was allegedly being utilized by co-defendant. [Docs. 182, p. 1 and 182-1]. Tennessee Circuit Court Judge Beth Boniface approved the application, permitting both the collection of prospective location data and the installation and use of a trap and trace/pen register for a period of thirty days beginning on the date the warrant was issued. [Doc. 182-1][2]. The warrant[3] was amended on May 5, 2021, and then

---

[2] Defendant's Motion is accompanied by an incomplete copy of the April Application and Order and does not include the May Application and Order. During an evidentiary hearing before the undersigned, defense counsel explained that he received an incomplete copy from Judge Boniface's chambers but acknowledged that the copies attached to the United States' Response are correct. Though Defendant's Motion only refers to one application and one order, the Court will refer to the Applications and Orders in the plural.

[3] The document issued by Judge Boniface is referred to as both an order and a warrant. While the document was styled "Order," probable cause was established via affidavit and the "Order" included a return requiring the executing officer to provide a summary of the property/information obtained, the date and time of execution of the search, and other

renewed on June 1, 2021. [Doc 182-1, p. 8]. Special Agent Garrison later applied for and was granted a second warrant with the same parameters for this cell phone number. [Doc. 182-2]. This Court then issued a pen register and trap and trace order on July 23, 2021, for a second cell phone number, (865) 309-7702, used by co-defendant, and one with the same parameters for Defendant's cellular telephone number of (423) 946-2588, on August 18, 2021. While Defendant does not outline what information was obtained by the Government from the warrants and orders referenced, it is clear that, at a minimum, they led to the discovery that a cell phone used by Defendant was in frequent communication with the two cell phone numbers used by co-defendant. *See* 2:21-MJ-152 and 2:21-MJ-167.[4]

### III. ANALYSIS

#### a. Defendant's Standing

The Court will first address whether Defendant has standing to seek suppression of the information obtained from his co-defendant's cell phone numbers. Defendant argues that he has standing under 18 U.S.C. § 2510(11) as an "aggrieved person," defined as "a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." In response, the United States asserts that Defendant has no standing to seek to suppress evidence obtained from phone numbers belonging to his co-defendant because he has no reasonable expectation of privacy in the information contained in a co-defendant's cell phone.

---

classic indicia of a search warrant. Thus, it is clear to the Court that despite the title of the document, Judge Boniface issued a warrant supported by probable cause for the prospective collection of cell phone data.

[4] While these documents are not available in ECF, they should have been available to the parties in discovery. The reference to these case numbers is intended to aid the parties and the Court in addressing the issue at hand.

The statute Defendant cites is inapplicable here because it relates to the interception of the content of communications, whereas the evidence Defendant seeks to suppress is merely evidence that communications took place and information about the nature of the communications, such as date, time and duration, and the telephone number or email address utilized to engage in them. The relevant question for standing to suppress evidence in a criminal case is whether the evidence resulted from a violation of the Fourth Amendment. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons…against unreasonable searches and seizures." U.S. Const. amend. IV. A defendant moving to suppress evidence based on a violation of the Fourth Amendment must show that he had a reasonable expectation of privacy in what was searched. *Katz v. United States*, 389 U.S. 347, 353 (1967); *United States v. Noble*, 762 F.3d 509, 526 (6th Cir. 2014). For example, the Supreme Court has held that individuals maintain an expectation of privacy in their physical movements as captured through CSLI. *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018). At the same time, Fourth Amendment standing requires a defendant to have a personal privacy expectation, meaning a violation of a co-defendant's Fourth Amendment rights does not automatically confer standing on the moving defendant. *Alderman v. United States*, 394 U.S. 165, 174 (1969); *Wong Sun v. United States*, 371 U.S. 471, 491–92 (1963); *United States v. Molina*, 569 F. Supp. 3d 596, 608 (E.D. Ky. 2021) (defendant did not have standing to challenge search of co-defendant's cell phone when defendant failed to demonstrate any ownership or possessory interest in the phone).

Here, while Defendant certainly has an expectation of privacy in the records generated by his own cell phone, which the Government does not dispute, it was not his cell phone number that was the target of the state court warrants and trap and trace/pen register orders issued. *See* [Docs. 182-1, 182-2]. Defendant has provided no basis for asserting that he had a reasonable privacy

expectation in the contents of his co-defendant's cell phone or CSLI generated by his co-defendant's use of his own cell phone. Accordingly, the Court cannot find that Defendant has standing to seek suppression of the information obtained through the warrants issued for his co-defendant's cell phone information.

### b. Validity of Warrants and Trap and Trace Device/Pen Register Orders

Even if Defendant did have standing in this matter, the Court would find that the warrants and trap and trace device/pen register orders issued by Judge Boniface were valid. Defendant asserts that these warrants were not supported by probable cause, rendering them void and that the correct procedure was not used to obtain a trap and trace device/pen register. These warrants are a combination of a traditional warrant allowing collection of prospective location information and installation of a trap and trace device/pen register. As such, the Court can somewhat understand defense counsel's concerns about and confusion regarding them, as it is a rapidly changing area of the law.

Orders permitting installation of trap and trace devices/pen registers are not required to be supported by probable cause. 18 U.S.C. §§ 3122, 3123. Instead, an application for a trap and trace devices/pen registers must contain a sworn assertion that "the information likely to be obtained is relevant to an ongoing criminal investigation." 18 U.S.C. § 3122(b) (defining the standard for applications); *see also* 18 U.S.C. § 3123(b)(1) (establishing that orders must state to which offense the information likely to be obtained relates). On the other hand, where prospective location data is sought, the request must be supported by "specific and articulable facts showing that there are reasonable grounds to believe that the … information sought [is] relevant and material to an

ongoing criminal investigation," as required by the Stored Communications Act. 18 U.S.C. § 2703(d).

"Probable cause for a search warrant exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Frechette*, 583 F.3d 374, 379 (6th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "With great deference toward the issuing judge's determination, federal courts examine the affidavit's four corners to determine whether, under the totality of the circumstances, the low bar of probable cause has been overcome." *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021). Additionally, in reviewing the sufficiency of a search warrant affidavit, the court is to consider "whether the totality of the circumstances supports a finding of probable cause, rather than engaging in line-by-line scrutiny." *United States v. Redden*, 471 F. App'x 492, 493 (6th Cir. 2012) (quoting *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004)).

Defendant argues that Judge Boniface incorrectly labeled her orders as "pen register/trap and trace," because they allowed the receipt of prospective cellphone data whereas pen register and trap and trace orders provide primarily for information about a cellphone's communication with other devices, which may also provide certain location information regarding where those communications took place but not with the same specificity as CSLI. [Doc. 171, p. 4-5]. Defendant contends that Judge Boniface should have followed the standard of proof outlined under the Stored Communications Act, which required a showing of probable cause. *Id.* However, a review of the applications and orders reveals that they seek to obtain both CSLI and communications data from the target phone number for a period of thirty (30) days. [Doc. 182-1, 182-2]. Accordingly, both the provisions contained in the statute governing trap and trace

devices/pen registers and the requirements for the issuance of a search warrant must have been met for the warrants to be valid.

In reviewing the applications[5] submitted to Judge Boniface, the Court finds that they contain a sufficient factual basis to support Judge Boniface's[6] issuance of the warrants at issue. They provide significant detail regarding a drug trafficking organization that was operating in multiple states, including Tennessee, and was supplying drugs to the East Tennessee area. Specifically, the applications detail how a member of a drug trafficking organization, later determined to be co-defendant, communicated with, and sold cocaine to, a confidential source from the Morristown, Tennessee Police Department. [Doc. 182-1, p. 2]. Using the telephone number with which co-defendant contacted the confidential source, it was later discovered that co-defendant was in contact with a target in a separate Drug Enforcement Administration case. *Id.* Co-defendant then delivered cocaine to the confidential source and contacted the source using the cellphone number for which Judge Boniface issued warrants. [Doc. 182-2, p. 2]. The affiant opined that CSLI obtained using that cellphone number could help identify additional locations which were pertinent to the drug trafficking investigation and establish patterns of movement as well as sources of supply. [Doc. 182-1, p. 2; Doc. 182-2, p. 2]. Given the low bar to finding probable cause, evidence in the Applications created at least the required "fair probability" that CSLI from co-defendant's phone number would lead to evidence of a crime.

---

[5] During the hearing, Defendant's counsel argued for the first time that the warrants were also improperly issued because there was not a separate application and affidavit but cited no law in support of the proposition that these could not be combined into a single document. The application contained within it the sworn statement of Special Agent Garrison.

[6] The application accompanying Defendant's Motion, designated as Exhibit A, is missing the page that provides the factual support Judge Boniface relied upon in issuing the warrant. Because defense counsel stipulated that the exhibits accompanying the United States' Response are the correct applications and orders, the Court will refer to the exhibits provided by the United States.

As to the portions of Judge Boniface's search/warrants/orders which permitted the installation of a trap and trace device/pen register, she found as follows:

> In accordance with Title 18, United States Code, Section 2703(d), specific and articulable facts exist to conclude that the information acquired from a pen register/trap and trace device on the Target Telephone is material and relevant to an ongoing criminal investigation being conducted by the Investigative Agencies.

[Doc. 182-1, p. 6; Doc. 182-2, p. 7]. Additionally, the Court has independently reviewed the applications and finds that all requirements for properly requesting installation of a trap and trace device/pen register were met. The applicant, Special Agent Whitehead, was a person authorized under applicable law to request it; he identified the agencies conducting the investigation at issue; and he identified the specific crime being investigated, specifically averring that "information acquired from a pen register/trap and trace device installed for the Target Telephone would be material and relevant to an ongoing criminal investigation…" Nothing more is required to obtain issuance of an order authorizing installation of a trap and trace device/pen register. *See* 18 U.S.C. § 2703.

Defendant next argues that Judge Boniface's warrants and orders are invalid because they do not comply with Tennessee Rules of Criminal Procedure in two ways. Defendant claims that the orders are deficient because they do not indicate the date on which they were filed with Judge Boniface and because they were signed using electronic means, which Defendant asserts was not authorized.

Defendant initially points out that Tenn. R. Crim. P. 49(c) requires judges to note the filing date of pleadings and other papers which they take in themselves for filing and then to promptly transmit them to the clerk's office. [Doc. 171, p. 6 (citing Tenn. R. Crim. P. 49(c))]. The Court first observes that the orders and judgments at issue all contain the date on which they

were signed by Judge Boniface, and no evidence has been submitted to reflect that they were submitted on a different date. [Doc. 182-1, p. 7-8 and Doc. 182-2, p-9-10]. Defendant does rightly note that only one set of the documents contains a clerk's stamp indicating the date the documents were filed with the clerk's office. [Doc. 182-1 and 182-2, p. 6].

Defendant further argues that the orders and judgments are void because they could not be signed electronically. [Doc. 171, p. 6 (citing Tenn. R. Crim. P. 49.2)]. While Defendant concedes that the Tennessee Rules of Criminal Procedure allow electronic filing, he points out that such filing is only permitted if provided for by local rule. *Id.* Defendant them advises that the local rules for Tennessee's Third Judicial District, which encompasses Judge Boniface's court, do not address electronic filing. *Id.* To defense counsel's credit, he does acknowledge that the documents at issue were filed and executed during the COVID-19 pandemic, when numerous courts altered the process for hearings and the filing and processing of documents to accommodate remote work to protect the health of the public and court staff. *Id.* While the document which bears the title of local rules is silent on the issue of the use of remote proceedings and technology, the Third Judicial District created a plan allowing courts to "utilize technology when reasonably feasible to conduct business by means other than in-person court proceedings reducing the need for in-person contact" during the COVID-19 pandemic. [7] The Court finds that the plan implemented by the Third Judicial District to ensure the continuing operation of the Courts during the COVID-19 pandemic equates to a "local rule" as referred to under Tenn. R. Crim. P. 49.2. As such, the electronic filing of the applications and orders did not render them void.

---

[7] Amendment to the Covid-19 Plan Third Judicial District (May 17, 2021), https://www.tncourts.gov/sites/default/files/docs/amendment_to_the_covid-19_plan_third_judicial_district_1.pdf

Even if the Court finds that the omission of the Clerk's stamp or the use of an electronic signature constitute failures of the state court to comply with applicable state court laws and court rules, Defendant cites no caselaw in support of his request for suppression on this basis. To accept Defendant's argument would require the Court to suppress evidence obtained through search warrants where probable cause to issue them is clearly demonstrated on the face of the applications, the appropriate parties signed the documents at issue, and the documents bear the date on which they were executed, and to do so merely because they may not have been properly marked as "filed" with the date of filing in a place separate from the date of execution and because they lacked a wet signature even when use of electronic signatures is contemplated by statute. Sixth Circuit precedent convinces the Court that Defendant's arguments on these two points must be rejected because when determining whether suppression is required, the question is whether a search warrant was issued in a manner which passes muster under the United States Constitution as opposed to any applicable state law. *See United States v. Dixon,* No. 21-6001, 2022 WL 2715702, at *2 (6th Cir. July 13, 2022) (holding that evidence seized pursuant to a search warrant meeting the Fourth Amendment's requirements will not be suppressed merely because there was a failure to fully comply with applicable state law).

## IV. CONCLUSION

As stated above, this Court finds that Defendant does not have standing to challenge the warrants and orders issued by Judge Boniface. Further, even if Defendant had standing, the Court would still recommend that Defendant's request to suppress be denied because it is without merit as Judge Boniface properly issued the search warrants aa well as the orders authorizing installation

of a trap and trace device/pen register. As such, the undersigned **RECOMMENDS** that Defendant's Motion to Suppress [Doc. 171] be **DENIED**. [8]

Respectfully submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[8] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).