UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.: 2:21-CR-120-13 |
| v. | ) | JUDGE CORKER |
| EDGAR CARRION LOPEZ | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS
TO REPORT AND RECOMMENDATION**

Comes now the United States of America, by and through, the United States Attorney for the Eastern District of Tennessee and responds in opposition to the defendant's objections to the Report and Recommendation of the Magistrate Judge. (Doc. 200, Defendant Objections).

Essentially the defendant argues that the United States and the Magistrate Court applied the wrong standards of law when reviewing the defendant's standing as it applied to a codefendant's cellphones and in reviewing whether the search warrants were properly executed, arguing that the federal and state wiretap statutes should have been used. (Id.) The United States disagrees.

In response to the defendant's objections, the United States relies upon its response in opposition to the defendant's motion to suppress (Doc. 182, USA Response) as if fully restated herein. The United States further relies upon the Magistrate Court's Report and Recommendation and the thorough reasoning therein. (Doc. 197, Report). Based on all the evidence and argument, the Magistrate Court correctly recommended the motion be denied based on the defendant's lack of standing.

In making the court's determination, it reviewed evidence of executed Cell Site Location Information (CSLI) search warrants signed by Tennessee Circuit Court Judge,

Honorable Beth Boniface of the Third Judicial District. Additionally, the court heard arguments from both parties. After reviewing the evidence, the court determined that the applied for search warrants were for a codefendant's phones. The court ultimately found that the defendant did not have a reasonable expectation of privacy as to a codefendant's phones and therefore the defendant did not have standing. (Id. at Page ID# 456-7). The defendant continues to argue that he was an "aggrieved person" pursuant to 18 U.S.C. § 2510 (11) and in his objections now cites state law, T.C.A. § 40-6-304 (h). (Doc. 171, Defendant Motion at Page ID# 350) and (Doc. 200 at Page ID# 486). However, as explained to defense counsel numerous times, including in the motion to suppress hearing, this is not the proper "standing" for the current motion. 18 U.S.C. § 2510(11) and T.C.A. § 40-6-304 (h) define an "aggrieved person" as it applies to "intercepted wire, oral, or electronic communication." The defendant's pending motion is a request to suppress "cellphone data" (Doc. 171) based on search warrants for CSLI, not the interception of communications. As such, the United States is not shifting focus as argued by the defendant, (Doc. 200 at Page ID # 486) but merely citing the proper standard that the court should and did consider when assessing standing. Therefore, he does not have standing as he did not have a reasonable expectation of privacy as to a codefendant's phone.

The defendant also argued that search warrants were not valid for various reasons. (Doc. 171, Defendant's Motion.) The court addressed this too. The court determined "[i]n reviewing the applications submitted to Judge Boniface, the Court finds that they contain a sufficient factual basis to support Judge Boniface's issuance of the warrants at issue. They provide significant detail regarding a drug trafficking organization that was operating in multiple states, including Tennessee, and was supplying drugs to the East Tennessee area."

(Doc. 197 at Page ID# 459).

The defendant now argues that the agent in this case did not follow proper procedures in accordance with Federal or State wiretap statues when obtaining the CSLI search warrants in state court. (Doc. 200 at Page ID # 483). Of course, the agent did not follow the wiretap procedures, he was not applying for a wiretap or surveillance of electronic communications with Judge Boniface. The United States can only surmise that the defendant has conflated electronic information with what constitutes an electronic communication[1] under the wiretap statutes. Simply because an electronic communications service was utilized or that the information received was electronic does not mean the agent applied for a search warrant in accordance with a wiretap. Under the defendant's interpretation that would cause all electronic search warrants and trap and trace/pen registers to fall under these statutes and requirements, which is simply not correct. As further proof of this, the United States and the agent did apply for multiple wiretaps in the case before this Court, and these wiretaps were executed in accordance with the procedures and federal statutes the defendant has cited. Simply put, if the defendant wishes to challenge the wiretaps, then he should do so, but asking the Court to review a CSLI warrant under wiretap requirements is an incorrect understanding of the law.

The United States submits that in implying the correct standard of law, based on all the evidence presented and thoroughly analyzed by the Magistrate Court, "this Court finds that Defendant does not have standing to challenge the warrants and orders issued by

---

[1] 18 USC 2510 (12) "electronic communication means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photo optical system that affects interstate or foreign commerce," such as text and SMS messages.

Judge Boniface. Further, even if Defendant had standing, the Court would still recommend that Defendant's request to suppress be denied because it is without merit as Judge Boniface properly issued the search warrants as well as the orders authorizing installation of a trap and trace device/pen register." Therefore, the Court should overrule the defendant's objection to the report and recommendation and adopt the findings of the Magistrate Court and deny the defendant's motion to suppress.

Respectfully submitted, this Wednesday, November 9, 2022.

                                        FRANCIS M. HAMILTON III
                                      United States Attorney

By:   s/ *Meghan L. Gomez*
       MEGHAN L. GOMEZ
       Assistant United States Attorney
       FL BPR # 068858
       220 W. Depot Street, Suite 423
       Greeneville, Tennessee 37743
       (423) 639-6759
       meghan.gomez@usdoj.gov