UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:21-CR-00120-DCLC-CRW |
| vs. | ) |
| EDGAR C. LOPEZ, | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court to consider the Report and Recommendation of United States Magistrate Judge Cynthia R. Wyrick, filed on October 24, 2022 [Doc. 197]. The magistrate judge recommends that Defendant's Motion to Suppress [Doc. 171] be denied. Defendant timely filed Objections [Doc. 200] and the United States ("the Government") filed a response to Defendant's Objections [Doc. 201], both of which the Court will also consider.

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Defendant does not object to the basic facts outlined by the magistrate judge in the Report and Recommendation. After reviewing the record before the Court and finding the facts to be consistent with the Report and Recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out therein [Doc. 197, pgs. 3–4]; *see United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013). The Court will refer to the facts only as necessary to analyze the issues raised on objection.

1

Defendant seeks the suppression of cell phone data from his co-defendant's phone numbers, (865) 321-0531 and (865) 309-7702, and his phone number, (423) 946-2588 [Doc. 171, pg. 1]. Specifically, he challenges the validity of orders issued by a Tennessee state court judge authorizing the installation and use of a pen register/trap and trace device and the collection of cell site location information ("CSLI") for the cell phone number of his co-defendant ending in 0531. The information discovered as a result of these initial orders, he argues, led to the discovery of his phone number and his co-defendants other phone number ending in 7702 [Doc. 197, pg. 2]. Thus, he asserts any data from those phone numbers must also be suppressed [*Id*.]. The magistrate judge found that Defendant lacks standing to challenge the orders pertaining to his co-defendant's cell phone and, even if he had standing, the orders were validly issued [*Id*. at pgs. 4–11].

In his Objections, Defendant focuses his argument entirely on federal and state wiretap statutes. First, he asserts he has standing as an "aggrieved person" under 18 U.S.C. § 2510(11) and Tenn. Code Ann. §§ 40-6-302(2), 304(h)(1) [Doc. 200, pg. 6]. Relying on these provisions, he asserts he "is an aggrieved party whose communication was unlawfully intercepted, the order of authorization under which it was intercepted is insufficient on its face, and the interception was not made in conformity with the order of authorization." [*Id*. at pg. 8]. He then describes in detail the substantive and procedural requirements for wiretap orders under Tennessee law and contends the state court judge's orders did not meet such requirements [*Id*. at pgs. 11–16].

As the magistrate judge explained, however, the wiretap statutes are inapplicable to the installation of a pen register/trap and trace device and the collection of CSLI, as they only apply to the interception of communications [Doc. 197, pg. 5]; *see Smith v. Maryland*, 442 U.S. 735, 748 n.1 (1979) ("[P]en registers are not considered 'interceptions' because 'they do not acquire the 'contents' of communications[.]'"); *United States v. Powell*, 943 F. Supp. 2d 759, 778 (E.D. Mich.

2

2013), *aff'd*, 847 F.3d 760 (6th Cir. 2017) ("[C]ell-site location data are also not 'communications' subject to Title III's heightened procedures for intercepting communications via wiretap" because the "location information is not the 'content' of actual communications intended to be protected by Title III[.]"). Therefore, the state court judge applied proper legal standards in authorizing the installation and use of pen register/trap and trace devices under Tenn. Code Ann. § 40-6-311 and 18 U.S.C. § 3123 *et seq*. and the collection of CSLI pursuant to 18 U.S.C. § 2703(d) [Docs. 182-1, 182-2].

Accordingly, it is hereby **ORDERED** that Defendant's Objections [Doc. 200] are **OVERRULED**, the Report and Recommendation [Doc. 197] is **ACCEPTED** and **ADOPTED**, and Defendant's Motion to Suppress [Doc. 171] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge